846 F.2d 71
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HOMESTEAD MANUFACTURING, INC., formerly known as Homestead
Distributors, Inc., Plaintiff-Appellant,
v.
Don R. LIGON, Dianne M. Ligon, and Theodore G. Conaway,
Defendants-Appellees.
 No. 87-1670.
 United States Court of Appeals, Fourth Circuit.
 Argued April 8, 1988.
Decided May 10, 1988.
 
 Carolyn L. Camardo (Smith, Tolerton and Brown, P.C. on brief) for appellant.
 Richard W. Hudgins for appellees.
 Before WIDENER and SPROUSE, Circuit Judges, and JOHN A. MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Homestead Manufacturing, Inc. ("Debtor") appeals the dismissal of its complaint, by which it sought to recover alleged voidable preferences and fraudulent transfers. The transfers at issue are, essentially, the consideration received by appellees in exchange for the sale of their stock on December 17, 1985.
 
 
 2
 On this appeal, Debtor asserts that the district court erred in accepting the bankruptcy court's findings that the factual predicates of 11 U.S.C. Secs. 547 and 548 were not met. These findings may be reversed only if clearly erroneous. Fed.R.Civ.P. 52(a); 11 U.S.C., Bankr. Rules 7052, 8013. Under this clearly erroneous standard, findings of fact must be affirmed unless our review of the record leaves us with the firm conviction that a mistake has been made. Harman v. Levin, 772 F.2d 1150, 1153 (4th Cir.1985).
 
 I.
 
 3
 The Bankruptcy Code provides for the avoidance of preferential transfers "made while the debtor was insolvent." 11 U.S.C. Sec. 547(b)(3). A debtor is insolvent when the sum of its debts is greater than the sum of its assets at a fair valuation. 11 U.S.C. Sec. 101(31)(A). Debtor had the burden of proving below that it was insolvent on the date of the alleged preference. E.g., Constructora Maza, Inc. v. Banco de Ponce, 616 F.2d 573, 576 (1st Cir.1980).
 
 
 4
 After hearing extensive evidence on this issue, the bankruptcy court found that Debtor was solvent on the date of the alleged preferential payments and did not become insolvent as a result of the transfers complained of. In arriving at its conclusion, the bankruptcy court made specific findings as to the credibility of the witnesses before it. This Court must accord even greater deference when fact-findings are based upon credibility determinations. Anderson v. City of Bessemer, 470 U.S. 564, 575 (1985).
 
 
 5
 After reviewing the record, we cannot say that the finding of solvency is clearly erroneous. Appellees presented sufficient evidence of solvency which the bankruptcy court, in its role as trier of fact, was free to accept. Where, as here, there are two permissible views of the evidence, the factfinder's choice cannot be clear error. Id. at 574.
 
 
 6
 Because we find that there was no error in the finding of solvency, we need not address the findings under Sec. 547(c)(1).
 
 II.
 
 7
 Debtor also sought to recover these transfers as being fraudulent under 11 U.S.C. Sec. 548(a). Specifically, Debtor asserts that it received less than a reasonably equivalent value in exchange for the transfers. 11 U.S.C. Sec. 548(a)(2)(A). In addition, under the statute, Debtor was also required to show that the property remaining after the transfers was unreasonably small or that the debts incurred were beyond Debtor's ability to pay. 11 U.S.C. Sec. 548(a)(2)(B)(ii)-(iii). In light of our affirmance of the finding of solvency, Sec. 548(a)(2)(B)(i) is inapplicable.
 
 
 8
 The district court affirmed the bankruptcy court's findings that the factual predicates of Sec. 548(a), as enumerated above, were not met. It held that Debtor received a "substantial and equivalent value" in exchange for its payments to appellees, thereby satisfying the requirements of 11 U.S.C. Sec. 548(a)(2)(A).
 
 
 9
 Debtor again fails to demonstrate that these findings are clearly erroneous. This Court is in no position to re-evaluate the weight of the evidence or to re-assess the credibility of witnesses. Thus, we cannot conclude that the factual determinations made by the bankruptcy court and accepted by the district court are clearly erroneous. See generally Gilbert v. Scratch 'n Smell, Inc., 756 F.2d 320 (4th Cir.1985).
 
 
 10
 AFFIRMED.